# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| O. DOE, et al., | |
| Plaintiffs-Appellees, | |
| v. | No. 25-1169 |
| DONALD J. TRUMP, in their official capacity as President of the United States, et al., | |
| Defendants-Appellants. | |
| STATE OF NEW JERSEY, et al., | |
| Plaintiffs-Appellees, | |
| v. | No. 25-1170 |
| DONALD J. TRUMP, in their official capacity as President of the United States, et al., | |
| Defendants-Appellants. | |

**OPPOSED MOTION FOR SUPPLEMENTAL BRIEFING ORDER**

Pursuant to the Supreme Court's order in *Trump v. CASA, Inc.*, 606 U.S. ___ (2025), the federal defendants respectfully request that this Court issue an order for supplemental briefing to allow this Court to "move expeditiously to ensure that … the injunctio[n] comport[s] with" the Supreme Court's decision. The State plaintiffs oppose this motion.

**1.** These appeals arise from challenges to an Executive Order interpreting the Citizenship Clause of the Fourteenth Amendment. *See* Exec. Order No. 14,160, 90 Fed. Reg. 8449 (Jan. 29, 2025). The plaintiffs filed two lawsuits, challenging whether the Executive Order violates the Citizenship Clause and 8 U.S.C. § 1401(a). The district court issued a single opinion explaining the separate preliminary injunctions it entered in each case. Dkt. 144, No. 25-cv-10139; *see also* Dkt. 145, No. 25-cv-10139; Dkt. 47, No. 25-cv-10135. The government appealed both preliminary injunctions, and sought a stay of the nationwide injunction issued in the *New Jersey* case. On March 11, 2025, this Court denied the motion for a stay pending appeal and *sua sponte* consolidated the two appeals for briefing and argument.[1]

**2.** The government applied to the Supreme Court for a stay pending appeal of the nationwide preliminary injunction in the *New Jersey* case and in two other cases. On June 27, the Supreme Court granted the government's application for a partial stay of the preliminary injunction on appeal "to the extent that the injunctio[n] [is] broader than necessary to provide complete relief to each plaintiff with standing to sue." Slip Op. 26. The Court directed that the "lower courts shall move expeditiously to ensure that, with respect to each plaintiff, the injunctions comport with this rule and otherwise comply with principles of equity." *Id.*

---

[1] Pursuant to this Court's consolidation order, the motion is being filed in both dockets. The motion for supplemental briefing pertains only to *New Jersey v. Trump*, No. 25-1170.

**3.** That same day, the Ninth Circuit—which has before it a parallel appeal of a universal injunction issued at the behest of State plaintiffs—ordered the parties to that case to file concurrent supplemental briefs addressing the effect of *CASA* on that appeal. Order, *Washington v. Trump*, No. 25-807 (June 27, 2025). Those supplemental briefs are due on July 11 and are limited to 20 pages.

**4.** This Court should, like the Ninth Circuit, order supplemental briefing addressing *CASA*'s effect. The government further proposes that this Court adopt the same proposal and timing as the Ninth Circuit, such that concurrent supplemental briefs, limited to 20 pages, would be due on July 11. The Court would then be positioned to rule on whether the nationwide injunction is broader than necessary to provide complete relief to the plaintiffs, an issue this Court declined to consider in initially ruling on the government's stay motion. *New Jersey v. Trump*, 131 F.4th 27, 43 (1st Cir. 2025). And adopting this course would comport with the Supreme Court's instruction that the lower courts should "move expeditiously" to resolve outstanding issues about the scope of the injunction. Slip Op. 26.

**5.** On June 30, the States proposed additional proceedings in district court. But the question at this stage is whether to stay the injunction entered by the district court premised on the claim that such relief is necessary to provide the plaintiff States with complete relief. That question has already been briefed in both the merits briefing and the government's stay motion here. Gov't Br. 53-55; States Br. 64-70; Reply Br. 26-28; Stay Mot. 16-18; Stay Opp. 19-21; Stay Reply 9-10. Allowing the parties to file

supplemental briefs addressing the Supreme Court's intervening reasoning appropriately ensures expeditious resolution of these issues without protracted district-court proceedings related to an injunction that the district court lacks jurisdiction to modify and is already fully briefed before this Court. *See Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011) ("[O]nce an appeal has been taken, a district court ordinarily may not alter the judgment under review, without leave of the appellate court."); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) ("A district court lacks jurisdiction to modify an injunction once it has been appealed except to maintain the status quo among the parties."); 16 Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3921.2 (3d ed.). And at a minimum, this Court should have the first opportunity to determine if—as plaintiffs apparently contend—the proper scope of injunctive relief turns on the sorts of detailed factual inquiries plaintiffs' request for district-court proceedings contemplates.

**6.** The federal defendants thus respectfully request this Court to request simultaneous supplemental briefs, not to exceed 20 pages, to be filed Friday, July 11. If the Court does not believe supplemental briefing in the Court of Appeals would be helpful, the federal defendants alternatively request that the Court promptly rule on whether the injunction is broader than necessary to provide the States relief based on the parties' existing briefing in order to give effect to the stay granted by the Supreme Court.

4

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
BRAD HINSHELWOOD

 /s/ *Derek Weiss*
DEREK WEISS
  Attorneys, Appellate Staff
  Civil Division, Room 7320
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530
  (202) 616-5365
  derek.l.weiss@usdoj.gov

JULY 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 850 words, according to the count of Microsoft Word.



/s/ *Derek Weiss*
DEREK WEISS