# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| O. DOE, et al.,<br><br>　　　　Plaintiffs-Appellees,<br><br>　　　　　　v.<br><br>DONALD J. TRUMP, in their official capacity as President of the United States, et al.,<br><br>　　　　Defendants-Appellants. | No. 25-1169 |
| STATE OF NEW JERSEY, et al.,<br><br>　　　　Plaintiffs-Appellees,<br><br>　　　　　　v.<br><br>DONALD J. TRUMP, in their official capacity as President of the United States, et al.,<br><br>　　　　Defendants-Appellants. | No. 25-1170 |

## REPLY IN SUPPORT OF
## MOTION FOR SUPPLEMENTAL BRIEFING ORDER

　　　　Plaintiffs' opposition to supplemental briefing misunderstands the procedural posture of this case and the parties' relative burdens.

　　　　This is an appeal from a preliminary injunction. The federal defendants contend that the district court's injunction is improper because (among other reasons) it imposed universal relief instead of limiting the injunction to what was necessary to

remedy the plaintiffs' injuries. The Supreme Court partially granted a stay and directed the lower courts to "move expeditiously to ensure that … the injunctio[n] comport[s] with" the Supreme Court's decision.

As our motion explained, this Court should allow the parties to address how *CASA*'s reasoning applies to the existing district court order granting the preliminary injunction, or in the alternative should rule promptly based on the existing briefing, *see* Motion 4. Plaintiffs' suggestion that further district-court proceedings are needed before such a ruling misunderstands the posture of this case. Plaintiffs must carry the burden to establish their entitlement to an injunction, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and defendants "need not 'write' the injunction themselves; that is a job for the court," *United States v. Zenon*, 711 F.2d 476, 478 (1st Cir. 1983). That includes the States' establishing both that universal relief would be necessary to completely remedy their asserted injuries *and* that it would be equitable to extend the injunction that broadly based on any lingering harms a narrower injunction would not remedy. *See* Slip op. 18 ("After all, to say that a court *can* award complete relief is not to say that it *should* do so. Complete relief is not a guarantee—it is the maximum a court can provide.").

If the district court's existing decision is insufficient to establish both that universal relief is necessary to completely remedy the States' asserted injuries and that the extension of the injunction beyond the States to remedy any marginal asserted harms created by individuals moving across state lines during the pendency of this suit

otherwise comports with principles of equity, then the universal scope of that injunction is appropriately stayed.

All the parties favor swift resolution of these issues. That is best accomplished in this Court, which indisputably has jurisdiction over the existing preliminary injunction, has before it substantial briefing on the scope of that injunction from both the government's stay motion and the merits briefs, can swiftly obtain further briefing on the same schedule as the Ninth Circuit, and has already ruled on other aspects of the government's stay motion. This Court should therefore either order supplemental briefing or decide the appropriateness of the injunction's scope on the existing briefing.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
BRAD HINSHELWOOD

 /s/ *Derek Weiss*
DEREK WEISS
  Attorneys, Appellate Staff
  Civil Division, Room 7320
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530
  (202) 616-5365
  derek.l.weiss@usdoj.gov

JULY 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 441 words, according to the count of Microsoft Word.

/s/ *Derek Weiss*
DEREK WEISS